IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK A. GILMORE,<br>　　Plaintiff, | :<br>:<br>: | |
| v. | : | CIVIL ACTION NO. 20-CV-3600 |
| JOHN WETZEL, *et al.*,<br>　　Defendants. | :<br>:<br>: | |

**MEMORANDUM**

**JOYNER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**JANUARY 5, 2021**

　　Plaintiff Malik A. Gilmore, a prisoner currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations related to the destruction of his property during the transfer of prisoners from SCI Graterford to SCI Phoenix. Gilmore names as Defendants: (1) Secretary of Corrections John Wetzel, (2) Tammy Ferguson, Superintendent of SCI Phoenix; (3) Chief of Security Kenneth Goodman, (4) John Does 1-20 and (5) the Pennsylvania Department of Corrections. All Defendants are named in their individual and official capacities. Gilmore seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will grant Gilmore leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.　　FACTUAL ALLEGATIONS**[1]

　　Gilmore was previously incarcerated at SCI Graterford. As that prison was closing in July 2018, inmates and their property were relocated to SCI Phoenix. Gilmore alleges members

---

[1] The allegations are taken from Complaint. (*See* ECF No. 1.)

1

of a Corrections Emergency Response Team ("CERT") took custody of prisoners' property in connection with the move. (ECF No. 1 at 4.) Gilmore alleges that his property was destroyed by CERT officials and defaced with racist and sexual emblems. The material included personal property, photographs, and commissary items. (*Id.* at 5.) He alleges that members of the CERT had tattoos espousing white supremacy. (*Id.* at 4.) Gilmore asserts that the John Doe Defendants were acting at the direction of Defendant Goodman. (*Id.*)

Gilmore alleges that these events deprived him of his property and caused him emotional injury. (*Id.* at 6.) Gilmore asserts claims under the Civil Rights Act for violations of his Fourth, Eighth and Fourteenth Amendment rights and seeks money damages. (*Id.* at 3, 6.)

## II.    STANDARD OF REVIEW

The Court grants Gilmore leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Gilmore is proceeding *pro*

---

[2] However, as Gilmore is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b). The Court notes that Gilmore has already made voluntary partial payments toward this obligation. The attached order will direct prison officials to remit only the balance of the filing fee on Gilmore's behalf.

*se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Gilmore has failed to state a claim.

### A. Eighth Amendment Claim

The destruction of Gilmore's personal property by the John Doe Defendants, does not provide a basis for a claim under the Eighth Amendment. Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* The destruction of property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See Wongus v. Correctional Emergency Response Team*, 389 F. Supp. 3d 294, 301-02 (E.D. Pa. 2019) (concluding that plaintiff's allegations "that correctional facility staff violated his Eighth Amendment right to be free from cruel and unusual punishment by defacing his family photo with a swastika," while "repugnant and detrimental to the orderly administration of a prison, and should be cause for serious disciplinary action against the responsible party, if known[,]" did not

"rise to the level of an Eighth Amendment violation"); *Payne v. Duncan*, Civ. A. No. 15-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017); *Dean v. Folino*, Civ. A. No. 11-525, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted*, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011).  Accordingly, the Court will dismiss Gilmore's Eighth Amendment claim against the John Doe Defendants with prejudice.

### B.     Fourth Amendment Claim

The Court understands Gilmore's reference to the Fourth Amendment to attempt to state an unlawful seizure claim against the John Doe Defendants based on the loss of his personal property.  To the extent he is basing his claim on the loss, destruction, or defacement of his property, he has not stated a plausible claim under the Fourth Amendment because "prisoners have no legitimate expectation of privacy . . . and the Fourth Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells."  *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The defendants correctly assert that prisoners do not have a Fourth Amendment right to privacy in their cells." (citing *Hudson*, 568 U.S. at 529)); *see also Parrish v. Corrections Emergency Response Team*, Civ. A. No. 18-4871, 2019 WL 1596337, at *3 (E.D. Pa. Apr. 12, 2019) (concluding prisoner plaintiff failed to state claim for violation of Fourth Amendment where plaintiff alleged that CERT members destroyed and defaced personal property during process of transferring plaintiff from SCI Graterford to SCI Phoenix).  Accordingly, the Court will dismiss Gilmore's Fourth Amendment claim against the John Doe Defendants with prejudice.

C.     **Fourteenth Amendment Claim**

Gilmore is also pursuing a Fourteenth Amendment claim against the John Doe Defendants, based on the loss and/or destruction of his property.  However, there is no basis for a due process claim because Pennsylvania law provides Gilmore with an adequate state remedy. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property).  Accordingly, Gilmore has not stated a basis for a due process claim because state law provides him a remedy for his destroyed property.  *See McNeil v. Grim*, 736 F. App'x 33, 35 (3d Cir. 2018) (per curiam) ("[E]ven if McNeil claimed that the prison grievance procedures were constitutionally inadequate, Pennsylvania's state tort law would provide an additional adequate remedy.").  Accordingly, the Fourteenth Amendment due process claim is not plausible and will be dismissed with prejudice.

Gilmore also appears to be raising a race-based equal protection claim under the Fourteenth Amendment based on his allegations concerning John Doe Defendants' racist tattoos and that Defendant drew racial symbols on his photographs.  However, nothing in Gilmore's Complaint suggests that he was treated differently due to his membership in a protected class.  Indeed, prisoners do not constitute a protected class for Fourteenth Amendment purposes, *see Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001), and Gilmore has not alleged that he was treated differently from others who were similarly situated.  *See Phillips v.*

5

*Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) (to state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment"); *see also Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates." (citing *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)).  To the contrary, the Complaint suggests that many inmates were subjected to the same or similar conditions of which he complains.  Accordingly, the Court will dismiss the Fourteenth Amendment equal protection claim against the John Doe Defendants with prejudice.

      **D.**      **Emotional Injury Claim**

Gilmore states that he suffered emotional harm from the destruction of his property.  The Prison Litigation Reform Act (PLRA") requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury."  *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)).  The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  *See Marrow v. Pennsylvania*, Civ. A. No. 18-0931, 2018 WL 4963982, at *4 (M.D. Pa. Oct. 15, 2018) (quoting 42 U.S.C. § 1997e(e)).  To recover compensatory damages for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate less than significant, but more than a de minimis, physical injury.  See 42 U.S.C. § 1997e(e); *see also Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003); *but see Prillerman v. Fromhold*, 714 F.

App'x 184, 186 (3d Cir. 2017) (stating that the PLRA does not limit a prisoner's ability to obtain nominal or punitive damages (citing *Mitchell*, 318 F.3d at 533)).  Because Gilmore does not allege that he suffered any physical injury, he may not recover compensatory damages for any emotional harm resulting from the destruction of his property.

    **E.**    **Official Capacity Claims**

Gilmore names Defendants Ferguson, Wetzel, Goodman and John Does 1-20 in their individual and official capacities.  In addition to the reasons already stated, the official capacity claims against these Defendants for money damages may not proceed because the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.  Accordingly the official capacity claims are dismissed with prejudice.

**IV.**    **CONCLUSION**

For the foregoing reasons, the Court will dismiss Gilmore's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143 (3d Cir. 2019) (per curiam) (affirming dismissal of amended complaint where inmate "alleged in his complaint that when he and all other prisoners were moved from

SCI Graterford to SCI Phoenix, many prisoners' possessions were destroyed or damaged, including his legal materials"). The Eighth Amendment, Fourth Amendment, and Fourteenth Amendment claims, and all official capacity claims are dismissed with prejudice since attempt at amendment would prove futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."). An appropriate Order follows.

**BY THE COURT:**

**s/ J. Curtis Joyner**
_____
**J. CURTIS JOYNER, J.**